UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   1:24-cr-00117-SDN |
| | ) |
| ERIC ERICSON, | ) |
| | ) |
| Defendant | ) |

**REPORT AND RECOMMENDED DECISION
ON DEFENDANT'S COMPETENCY**[1]

At Defendant's request, the Court ordered a psychiatric and/or psychological examination of Defendant to determine whether Defendant was competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (Order, ECF No. 30.) The Court received the report of the evaluation on April 11, 2025.

On May 30, 2025, I conducted a competency hearing pursuant to 18 U.S.C. § 4247(d). The issue at the competency hearing was whether Defendant "is presently suffering from a mental disease and defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

At the hearing, Defendant represented that although he did not agree with all the evaluator's observations, he agreed with the evaluator's conclusion that he was competent to proceed in this matter. The Government agreed with the evaluator's competency

---

[1] Neither party questioned the authority of a magistrate judge to make a competency determination. While magistrate judges have at times issued an order and at other times issued a recommended decision, the reasoning of courts that have determined that a magistrate judge has the authority to rule on a defendant's competency is sound. *See e.g., United States v. Prado*, No. 18-CR-192, 2019 WL 1320316 (E.D. Wisc. Mar. 22, 2019); *United States v. Doshier*, No. CR-09-042-RAW, 2009 WL 2230789, at *1 n.1 (E.D. Okla. July 23, 2009). Nevertheless, because the First Circuit does not appear to have directly addressed the issue and even though the parties agree that Defendant is competent, I will issue a recommended decision.

determination.

Because Defendant did not agree with all the of the evaluator's observations, Defendant objected to the introduction of the evaluator's report as evidence. The Government, therefore, called the evaluator (Kristin M. McDaniel, Psy.D) to testify. Dr. McDaniel explained the evaluation process and testified (a) that Defendant is not suffering from a mental disease and defect, and (b) that Defendant understands the process and has the ability to assist in his defense. Dr. McDaniel opined that Defendant is competent to proceed.

Based on Dr. McDaniel's findings and conclusions, I find that the parties' agreement as to Defendant's competency is supported by the record evidence. In accordance with the parties' agreement and the uncontroverted evidence, I recommend the Court find that Defendant is competent to proceed in this matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of June, 2025.