UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

ERIC ERICSON

1:24-cr-00117-SDN

**ORDER GOVERNING DISCLOSURE
OF PERSONAL IDENTIFYING INFORMATION**

This matter is before the Court upon the Government's Motion for Entry of a Protective Order Governing Disclosure of Personal Identity Information. (Motion, ECF No. 41.) The Government asks the Court to issue a protective order regarding the handling of certain discovery materials, which the Government intends to make available to Defendant in advance of trial. The Government asserts that the discovery materials contain personal identifying information, including certified vital and birth certificate records from other states relating to third parties. During a hearing on the motion, the Government represented that the documents consist of the birth certificates of two non-parties.

The Government seeks an order that permits it to produce the documents to Defendant's standby counsel with a "confidential" designation, which would prohibit counsel from disseminating the documents to other persons, including Defendant. Under the Government's proposal, standby counsel could "display and review" the documents for, but not provide copies of the documents to Defendant. Defendant, who is representing

himself with standby counsel, objects to the Government's request to limit his access to the documents.

In discovery in a criminal case, a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  "Good cause" generally must be based on "a particular factual demonstration of potential harm, not on conclusory statements."  *United States v. Padilla-Galarza*, 990 F.3d 60, 77 (1st Cir. 2021) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)). "The nature of the showing of particularity, however, depends upon the nature or type of protective order at issue."  *United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012).

This Court has recognized that the existence of personal identifying information in discovery materials can justify the entry of a protective order.  *See United States v. Sirois*, No. 1:21-cr-00175-LEW, 2021 WL 5750183, at *1 (Dec. 2, 2021).  In most cases, given the interest in protecting the privacy and personal information of non-parties, and given that the materials would be provided to counsel who would be responsible for preparing the defense, the Court would be inclined to grant the request.  The question is whether Defendant's pro se status materially alters the analysis.

Because Defendant, rather than standby counsel, is primarily responsible for the preparation of his defense, the Court is mindful that any proposed restriction on Defendant's access to relevant materials could impact Defendant's ability to prepare his defense.  The Court must balance Defendant's interests with the interests in protecting the personal identifying information of non-parties.  Here, assuming the relevance of the personal identifying information, the Court concludes that while a protective order is

2

warranted to protect the interests of the non-parties, the proposed limitation on Defendant's access to the documents is not appropriate.

The Court grants in part the Government's request. The Government may conspicuously designate the documents as "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" such that the documents could not be mistaken for original documents or be misused by anyone. Upon so designating the documents, the Government shall produce the documents to Defendant and standby counsel. Defendant and standby counsel shall not copy the documents, disseminate the documents to anyone, or show the documents to any other person, except at trial, pursuant to a Court order, or as required by the policies of the Somerset County Jail. If a party believes the materials are relevant to and must be included with a party's filing with the court, the party shall file the materials under seal. This order shall continue in effect after the conclusion of the case. Defendant shall return the materials to the Government at the conclusion of the case.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
United States Magistrate Judge

Dated this 14th day of July, 2025.