UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC ERICSON, | ) | 1:24-cr-00117-SDN |
| | ) | |
| Defendant. | ) | |

**OMNIBUS ORDER ON MR. ERICSON'S MOTIONS AND OBJECTIONS**

Defendant Eric Ericson, proceeding pro se with standby counsel, filed a series of motions and objections with the Court seeking various forms of relief (*See* ECF Nos. 78–80, 87–88, 93, 99, 106). The Court addresses here several motions and objections, grouping together those related motions and objections where appropriate. Mr. Ericson's motion to suppress (ECF No. 77) multiple motions to dismiss (ECF Nos. 76, 89–90), and motions related to conditions of confinement and his ability to prepare his defense (ECF Nos. 75, 81–86, 106) will be addressed separately.

### I. Motions Concerning Discovery

The Court received Mr. Ericson's Motion to Compel Discovery (ECF No. 78) on July 3, 2025. In it, Mr. Ericson claims that the U.S. Marshals Service "tossed" certain discovery materials including "interview information with Det. Stoutamyer," and requests the Court compel the Government to provide him with these materials and "sanction" the U.S. Marshals Service. ECF No. 78 at 1. Mr. Ericson reiterates his demands in his "Motion for Orders," requesting the Court order the Government to provide him with complete discovery including "DHHS (Doody) papers, interview/quote of Det. Stoutamyer acknowledging he took my alleged passport [and] ID papers [and] search warrant stating

search was for computer equipment." ECF No. 106 at 2. In response, the Government represents that it provided Mr. Ericson and his standby counsel with a complete printed copy and a thumb drive of all discovery materials, including the specific materials identified by Mr. Ericson in his motions (except those subject to a protective order, *see* ECF No. 92) on July 14, 2025, and July 17, 2025. ECF No. 97 at 1–2; ECF No. 108 at 1–2. The Government has been reminded of its discovery obligations, *see* ECF No. 12 (reminding the Government to timely disclose all exculpatory evidence), and has represented that it has provided Mr. Ericson with a new copy of all discovery material. Accordingly, Mr. Ericson's Motion to Compel Discovery (ECF No. 78) is DENIED AS MOOT. *See United States v. Castro-Ward*, 324 F.Supp.3d 263, 265–66 (D.P.R. 2018) (denying as moot defendant's motion to compel discovery where the Government represented it had provided defendant with requested discovery). Mr. Ericson's Motion for Orders, ECF No. 106 demands 4-5, is also DENIED AS MOOT. Mr. Ericson's request to "sanction" the U.S. Marshals Service is DENIED.

## II.     Motions and Objections to the July 14, 2025, Protection Order

Mr. Ericson has filed a "Motion to Disallow Motion for Protection Order Dated February 7, 2025" (ECF No. 79) and an Objection (ECF No. 99) to the Court's Order Governing Disclosure of Personal Identifying Information (ECF No. 92). In both his motion to disallow and his objection, Mr. Ericson raises arguments about admissibility and his right to receive the discovery materials subject to the protective order. *See* ECF No. 79 at 1–2; ECF No. 99 at 1–2. I will address Mr. Ericson's arguments about admissibility in a separate order on his motion to suppress. *See* ECF No. 77. I have already addressed the Government's discovery obligations above. I have also reviewed the Magistrate Judge's Order (ECF No. 92) in light of the record, and I agree with the

Magistrate Judge's conclusions regarding the disclosure of confidential information and find no error in the Order. As such, Mr. Ericson's Motion to Disallow the Motion for Protection Order (ECF No. 79) is DENIED and his Objection (ECF No. 99) is OVERRULED.

### III.     Motion for Court to Pay for Copies of Discovery

Mr. Ericson's Motion to Pay for Court Copies requests the Court order and pay for certified copies of a search warrant and inventory list from a state court case. ECF No. 80 at 1. The Government indicated it would not be submitting a substantive response to this motion but represented that it did provide Mr. Ericson with copies of the search warrant and inventory as discovery and intends to file copies of those documents as exhibits to its response to his pending motion to suppress (ECF No. 77). ECF No. 103 at 1. As such, Mr. Ericson's Motion to Pay for Court Copies of the discovery (ECF No. 80) is DENIED.

### IV.     Objection to Detention

Mr. Ericson filed an objection (ECF No. 87) to the Magistrate Judge's July 2, 2025, Order of Detention Pending Trial (ECF No. 73) following a July 2, 2025, detention hearing (*see* ECF No. 72). After de novo review of the official transcript of the detention hearing (ECF No. 105), the Magistrate Judge's Order, and Mr. Ericson's objection, I agree with the Magistrate Judge's conclusions and discern no error in the Order of Detention Pending Trial. Accordingly, Mr. Ericson's objection (ECF No. 87) is OVERRULED and the Magistrate Judge's Order (ECF No. 73) is AFFIRMED.

### V.     Objection to Government's Consent to Jury Selection

Mr. Ericson filed an objection (ECF No. 93) to the Government's consent (ECF No. 71) to having a Magistrate Judge conduct the jury selection in this matter. In his objection, Mr. Ericson indicated he "prefers to select his own jury from the jury pool after Judge

Neuman[n] eliminates jurors per her scrutiny." ECF No. 93 at 1. Mr. Ericson's objection is noted for the record. I will be conducting jury selection in this matter because Mr. Ericson does not consent to having the Magistrate Judge conduct jury selection. *See* D. Me. Local R. 157.1; 28 U.S.C. § 636(c)(1). Mr. Ericson's objection (ECF No. 93) is OVERRULED AS MOOT.

## VI.     Motion to View Evidence

Mr. Ericson requests to view certain evidence, including "I.D., passport, its application (both), business cards, birth/death certificates, etc." before the motion in limine deadline.[1] ECF No. 88 at 1. The Government does not oppose Mr. Ericson's request to view the evidence, and proposes the viewing be scheduled at the federal courthouse in Bangor. ECF No. 107 at 1–2. Accordingly, Mr. Ericson's Motion to View Evidence (ECF No. 88) is GRANTED. A separate scheduling order arranging for the viewing at the courthouse will issue.

## VII.     Conclusion

For the reasons discussed above, Mr. Ericson's motions and objections are disposed of as follows:

- Motion to Compel Discovery (ECF No. 78) is DENIED AS MOOT.
- Motion to Disallow Motion for Protection Order Dated February 7, 2025, (ECF No. 79) is DENIED.
- Motion to Pay for Court Copies (ECF No. 80) is DENIED.
- Objection to Detention Hearing (ECF No. 87) is OVERRULED and the Order of Detention Pending Trial (ECF No. 73) is AFFIRMED.

---

[1] When Mr. Ericson submitted this motion, the motion in limine deadline was July 30, 2025. *See* ECF No. 88 at 1. The deadline has since been moved to August 20, 2025. *See* ECF No. 102.

- Motion to View Evidence (ECF No. 88) is GRANTED. A separate scheduling order will issue.

- Opposition to Government's Consent to Jury Selection (ECF No. 93) is OVERRULED AS MOOT.

- Objection to Order Governing Disclosure of Personal Identifying Information (ECF No. 99) is OVERRULED.

- Motion for Orders (ECF No. 106) demands 4–5 are DISMISSED AS MOOT. The Court RESERVES RULING on demands 1–3.

**SO ORDERED.**

Dated this 31st day of July, 2025.

                                      /s/ Stacey D. Neumann
                                    **UNITED STATES DISTRICT JUDGE**