UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 1:24-cr-00117-SDN |
| | ) |
| ERIC ERICSON, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTIONS TO DISMISS

Defendant Eric Ericson, proceeding pro se with standby counsel, has filed four motions to dismiss the indictment. *See* ECF Nos. 76, 89, 90, 123.

In his first motion to dismiss, Mr. Ericson argues the indictment should be dismissed because the Court did not act on pro se motions he filed while he was represented by counsel, he did not waive his right to a speedy trial, and because his rights are being violated while incarcerated at Somerset County Jail (SCJ). ECF No. 76 at 1–4. In his second motion to dismiss, Mr. Ericson argues the indictment should be dismissed because SCJ is violating his rights, his request for bail was denied allegedly in violation of his "ADA and due process rights," his right to a speedy trial is being violated, and the statute of limitations has expired. ECF No. 89 at 1. In his third motion to dismiss, Mr. Ericson argues the indictment should be dismissed because of alleged unlawful conditions of confinement at SCJ and again because the Court did not act on pro se motions he filed while he was represented by counsel. ECF No. 90 at 1-4. Mr. Ericson's fourth motion to dismiss reiterates his previous arguments for dismissal. *See* ECF No. 123. The Government opposes Mr. Ericson's motions to dismiss, arguing he has not identified any

legal basis for dismissal. *See* ECF No. 96 at 1-2; ECF No. 107 at 2-4. For the following reasons, I deny Mr. Ericson's motions.

## DISCUSSION

Mr. Ericson has elected to represent himself pro se, with standby counsel, and so I will construe his motions liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also, e.g.*, *United States v. Baker*, No. 06-CR-19-01, 2008 WL 1924015, at *3 (D. Vt. Apr. 28, 2008) ("[S]ince Defendant is now pro se, the Court interprets this filing liberally . . . .").

Two rules allow for the Court to dismiss a criminal indictment. First, under Federal Rule of Criminal Procedure 12(b), the Court can dismiss an indictment for a defect in instituting the prosecution or a defect in the indictment. *See* Fed. R. Crim. P. 12(b). Second, the Court can dismiss an indictment for unnecessary delay under Rule 48(b). *See* Fed. R. Crim. P. 48(b).

### I. Conditions of Confinement

Mr. Ericson alleges SCJ is violating his "ADA, RLUIPA, prisoner, legal & medical rights," among other complaints about the conditions of his confinement at SCJ. *See* ECF No. 76 at 3; ECF No. 89 at 1; ECF No. 90 at 1-4; ECF No. 123 at 2. Mr. Ericson argues his allegedly unlawful conditions of confinement require dismissal of the indictment against him.

Mr. Ericson has raised various challenges to his conditions of confinement in numerous motions currently pending before the Court (*see* ECF Nos. 75, 81-84, 86, 106, 118, 120, 122). The Court already has scheduled a separate hearing for September 4, 2025, to address Mr. Ericson's challenges to his conditions of confinement to the extent any may be so egregious as to impede his constitutional trial rights (*see* ECF Nos. 110, 121). *See United States v. Arnaout*, No. 02 CR 892, 2002 WL 31744654, at *2 (N.D. Ill. Dec. 6,

2002) (proper avenue to litigate conditions of confinement disputes is through a separate civil action).[1] In any event, none of Mr. Ericson's allegations to date, even if proven, form a proper basis for dismissal of the indictment. *See* Fed. R. Crim. P. 12(b), 48(b) (providing bases for courts to dismiss criminal indictments). As such, the Court will not dismiss the indictment at this stage on that basis.

## II. Pro se Motions While Represented

Mr. Ericson argues the Court was required to act on several pro se motions he filed while represented by counsel and that the Court's failure to do so has violated his right to a speedy trial, necessitating the dismissal of the indictment. *See* ECF No. 76 at 3; ECF No. 90 at 2. Per the Court's standard practice, any pro se correspondence the Court received from Mr. Ericson when he was represented by counsel was sent "to defense counsel to determine whether he or she will adopt the pro se motion." *United States v. Eley*, No. 16-cr-12, 2017 WL 943906, at *3 (D. Me. Mar. 9, 2017) (quoting *United States v. Stile*, No. 11-cr-00185, 2014 WL 25474, at *1 (D. Me. Jan. 2, 2014)). When the Court received pro se correspondence from Mr. Ericson while he was represented by counsel, it followed standard procedure and forwarded the correspondence to his counsel, took no further action on it, and notified Mr. Ericson of this disposition of his pro se correspondence. There is no evidence on the docket report or elsewhere to corroborate Mr. Ericson's allegations that the Court forwarded his pro se correspondences to counsel for the Government. *See* ECF No. 76 at 2.

---

[1] Indeed, Mr. Ericson has filed a civil complaint under 42 U.S.C. § 1983, raising many of the same complaints about his conditions of confinement. *See Ericson v. Sheriffs of Somerset Cnty. Jail*, No. 25-cv-00381, Complaint (ECF No. 1) (D. Me. July 21, 2025).

## III.  CONCLUSION

To extent Mr. Ericson makes other arguments for dismissal, such as "statute of limitations," "speedy trial," and his denial of bail violating his "ADA and due process rights," these arguments are not sufficiently developed for the Court to meaningfully address. The October 9, 2024, indictment alleges Mr. Ericson committed the offense of making a false statement on a passport application on about March 24, 2023, (ECF No. 3 at 1), which is well within the five-year statute of limitations for the type of offense charged, *see* 18 U.S.C. § 3282(a). Additionally, the Court has reviewed the docket for any violations of Mr. Ericson's right to a speedy trial under 18 U.S.C. § 3161 and found none. The Court has reviewed the record, including the official transcript of Mr. Ericson's July 2, 2025, bail hearing (ECF No. 105), and discerns no error in his continued detention pending trial. Having raised no basis in law for the dismissal of his indictment, Mr. Ericson's motions requesting such relief (ECF Nos. 76, 89, 90, 123) are DENIED.

**SO ORDERED.**

Dated this 26th day of August, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**