UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC ERICSON, | )     1:24-cr-00117-SDN |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO RECONSIDER**

Defendant Eric Ericson, proceeding pro se with standby counsel, moves to reconsider certain aspects of the Court's July 31, 2025, omnibus order (ECF No. 129). Specifically, Mr. Ericson seeks reconsideration of my rulings pertaining to discovery, Magistrate Judge Nivison's Order Governing Disclosure of Personal Identifying Information (ECF No. 92), and Magistrate Judge Nivison's July 2, 2025, Order of Detention Pending Trial (ECF No. 73).

"[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule[,]" rather, the Court has inherent authority to revisit its own orders. *United States v. Ortiz*, 741 F.3d 288, 293 n.2 (1st Cir. 2014). The First Circuit applies the standard pursuant to Federal Rule of Civil Procedure 59(e) to motions for reconsideration in criminal cases. *United States v. Montijo-Maysonet*, 299 F.Supp.3d 366, 367 (D.P.R. 2018). For motions under Rule 59(e), "a district court will alter its original order only if it 'evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Id.* (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). A Rule 59(e) motion "is not the venue to . . . permit

a party to advance arguments it should have developed prior to judgment . . . nor is it the mechanism to regurgitate 'old arguments previously considered and rejected.'" *Biltcliffe*, 772 F.3d at 930 (quoting *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990)).

Here, Mr. Ericson has not identified any manifest error of law or newly discovered evidence. Rather, his motion to reconsider merely rehashes "old arguments previously considered and rejected." *Biltcliffe*, 772 F.3d at 930 (quoting *Nat'l Metal Finishing Co.*, 899 F.2d at 123). Therefore, his motion to reconsider (ECF No. 129) is DENIED.

**SO ORDERED.**

Dated this 26th day of August, 2025.

                                        /s/ Stacey D. Neumann
                                        **UNITED STATES DISTRICT JUDGE**