UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC ERICSON, | ) | 1:24-cr-00117-SDN |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

Defendant Eric Ericson, proceeding pro se with standby counsel, moves to reconsider two orders of this Court (ECF No. 138). Specifically, Mr. Ericson seeks reconsideration of my order dismissing without prejudice his motions for subpoenas, which were filed before the Court has set a trial date (ECF No. 131), and my order denying his "Motion to Copy" (ECF No. 132).

"[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule[,]" rather, the Court has inherent authority to revisit its own orders. *United States v. Ortiz*, 741 F.3d 288, 293 n.2 (1st Cir. 2014). The First Circuit applies the standard pursuant to Federal Rule of Civil Procedure 59(e) to motions for reconsideration in criminal cases. *United States v. Montijo-Maysonet*, 299 F.Supp.3d 366, 367 (D.P.R. 2018). For motions under Rule 59(e), "a district court will alter its original order only if it 'evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *Id.* (quoting *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014)). A Rule 59(e) motion "is not the venue to . . . permit a party to advance arguments it should have developed prior to judgment . . . nor is it the

mechanism to regurgitate 'old arguments previously considered and rejected.'" *Biltcliffe*, 772 F.3d at 930 (quoting *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990)).

Here, Mr. Ericson has not identified any manifest error of law or new information that would change my previous denials. Mr. Ericson's trial has not yet been set for a date certain, therefore his motions for subpoenas remain premature. The Court's policy on providing copies to litigants of their own filings has not changed; the Court does not provide litigants with copies of their own motions. It is the litigant's responsibility to retain copies for their records. Mr. Ericson has elected to proceed pro se; the Court cannot assist Mr. Ericson in trial preparation. Because Mr. Ericson's motion to reconsider merely rehashes "old arguments previously considered and rejected," *Biltcliffe*, 772 F.3d at 930 (quoting *Nat'l Metal Finishing Co.*, 899 F.2d at 123), his motion to reconsider (ECF No. 138) is DENIED.

**SO ORDERED.**

Dated this 29th day of August, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**