UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC ERICSON, | ) | 1:24-cr-00117-SDN |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

On September 4, 2025, Mr. Ericson filed a motion for reconsideration, ECF No. 153, of my August 26, 2025, order denying Mr. Ericson's motions to dismiss, ECF No. 135. Mr. Ericson raises numerous arguments in his motion for reconsideration, which I will address in turn.

### DISCUSSION

Because Mr. Ericson has chosen to represent himself pro se with standby counsel, I will construe his motions broadly. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

*First*, Mr. Ericson contends that he has been denied his right to a speedy trial under 18 U.S.C. § 3161. ECF No. 153 at 1. I have reviewed the docket in full and can discern no violation of Mr. Ericson's speedy trial right. He has a jury trial scheduled in front of this Court on October 14–16, 2025. *See* ECF No. 157.

*Second*, Mr. Ericson raises a statute of limitations argument. ECF No. 153 at 1–2. Namely, he argues that the alleged underlying conduct related to his multiple identities occurred beyond the statute of limitations period for this crime. However, the October 9, 2024, Indictment alleges Mr. Ericson committed the offense of making a false statement

1

on a passport application on or about March 24, 2023, ECF No. 3 at 1, which is well within the five-year statute of limitations for the type of offense charged, *see* 18 U.S.C. § 3282(a).

*Third*, Mr. Ericson argues that the search of his filing cabinet was unconstitutional for numerous reasons. ECF No. 153 at 2–3. I have already ruled on the admissibility of the identity documents found during the search, *see* ECF No. 151, so this argument is mooted.

*Fourth*, Mr. Ericson continues to challenge his conditions of confinement. ECF No. 153 at 3–4. As I have already ruled, I cannot hear claims pertaining to conditions of confinement in a criminal case unless "unless [the] restrictions on access impair [the prisoner's] ability to assert legal challenges." *Dodson v. Reno*, 125 F.3d 841, 1997 WL 563384 at *3 (1st Cir. 1997); *see* ECF No. 152. The proper vehicle to litigate his alleged unlawful conditions of confinement is the civil action. *See Ericson v. Sheriffs of Somerset Cnty. Jail*, No. 1:25-cv-00381-SDN, Complaint (ECF No. 1) (July 21, 2025).

*Fifth*, Mr. Ericson argues that the Assistant United States Attorney in this matter is biased and engaged in malicious prosecution. ECF No. 153 at 4–5. Malicious prosecution claims are civil actions. *See Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 3 n.7 (1st Cir. 1995) ("Although there is no substantive due process right to be free from malicious prosecution, the Supreme Court has held that a 'malicious prosecution' type claim may be actionable under the Fourth Amendment in a section 1983 action." (quotation modified) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Indeed, the common-law elements of this claim require a finding that: "(1) The [Government] initiated, procured or continued a criminal action without probable cause; (2) The [Government] acted with malice; and (3) The [Defendant] received a favorable termination of the proceedings." *Trask v. Devlin*, 2002 ME 10, ¶ 11, 788 A.2d 179, 182

(internal citation omitted); *see Filler v. Hancock Cnty.*, No. 1:15-CV-00048, 2016 WL 335858, at *26 (D. Me. Jan. 27, 2016) (applying the state law elements in a federal civil action). Because this criminal case is ongoing, Mr. Ericson is unable to make a showing as to the third prong. Moreover, to the extent that he argues the Government in this matter lacked probable cause to bring a criminal action against him, the Supreme Court has said "[a]n indictment fair upon its face, and returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975). Mr. Ericson was indicted in this matter on October 9, 2024. ECF No. 3. Thus, his motion asking this Court to sanction Attorney Ross for malicious prosecution is DENIED.

I have considered all other arguments Mr. Ericson makes in his motion for reconsideration and find them unavailing.

I therefore **DENY** Mr. Ericson's motion for reconsideration. ECF No. 153.

**SO ORDERED.**

Dated this 10th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**